DISTRICT COURT OF GUAM

TERRITORY OF GUAM

In the Matter of MAJESTIC BLUE
FISHERIES, LLC, AS OWNER OF THE
F/V MAJESTIC BLUE, PETITIONING
FOR EXONERATION FROM OR
LIMITATION OF LIABILITY,

Petitioner.

Civil Case No. 10-00032

**ORDER TRANSFERRING CASE**

Before the court is a Motion to Dismiss the Limitation Proceeding filed by Claimant AMY HILL ("HILL"). Docket No. 6. After reviewing the filings and relevant case law and statutes, the court hereby **TRANSFERS** this case to the United States District Court for the Southern District of Florida and issues the following opinion.[1]

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On June 14, 2010, F/V Majestic Blue sank in international waters near the Tuvalu Economic Zone. Docket No 1. at ¶ 6. Two crew members—including Captain David Hill—were still on the ship when it sank, and died. *Id.* at ¶¶ 6, 13.

On October 26, 2010, HILL filed a wrongful death and negligence action (for the death of Captain David Hill) against MAJESTIC BLUE FISHERIES, LLC ("MAJESTIC BLUE") in the United States District Court for the Southern District of Florida. *See Hill v. Majestic Blue Fisheries,*

---

[1] The court finds that the motion is appropriate for disposition without hearing oral argument, and thus exercises its discretion to **DENY** HILL's Request for Oral Argument (Docket No. 7). *See* GUAM D. CT. CIV.L.R. 7.1.

*LLC*, No. 10-CV-23886 (S.D. Fla. filed Oct. 26, 2010). In response, MAJESTIC BLUE filed a Motion to Dismiss for Lack of Jurisdiction and an Alternative Motion for Transfer of Venue ("the Pending Motions" or "Pending Motions"). *See id.*, Docket Nos. 4, 6.

On December 9, 2010, MAJESTIC BLUE filed a Complaint for Exoneration from and Limitation of Liability ("the Complaint") in this court. *See* Docket No. 1.

## II. DISCUSSION

Pursuant to 46 U.S.C. § 305011,[2] MAJESTIC BLUE seeks, among other relief, exoneration from or limitation of liability for losses, if any, that anyone may have incurred when F/V Majestic Blue sank. *See* Docket No. 1 ¶¶ 6–12. HILL moves the court to dismiss or transfer the Complaint on the ground that it was improperly filed in the District of Guam in contravention of Supplemental Rule F[3] of the Federal Rules of Civil Procedure. Docket No. 6 at 1–2.

In pertinent part, Supplemental Rule F provides—

> The complaint shall be filed in any district in which the vessel has been attached or arrested to answer for any claim with respect to which the plaintiff seeks to limit liability; or, ***if the vessel has not been attached or arrested, then in any district in which the owner has been sued with respect to any such claim***. When the vessel has not been attached or arrested to answer the matters aforesaid, and suit has not been commenced against the owner, the proceedings may be had in the district in which the vessel may be, but if the vessel is not within any district and no suit has been commenced in any district, then the complaint may be filed in any district. For the convenience of parties and witnesses, in the interest of justice, the court may transfer the action to any district; ***if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought***.

FED. R. CIV. P. SUPP. F(9) (emphasis added).

//

---

[2] As relevant here, § 30511 provides that "[t]he owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter." 46 U.S.C. § 30511 (2006).

[3] The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure govern the procedure of actions for exoneration from or limitation of liability. *See* FED. R. CIV. P. SUPP. A(1)(A)(iv).

When MAJESTIC BLUE filed the Complaint in this court, it was aware of the pending lawsuit in the Southern District of Florida, thus appearing as though MAJESTIC BLUE blatantly disregarded Supplemental Rule F(9). *See* Docket No. 1 ¶¶ 13–14. However, MAJESTIC BLUE puts forth two explanations for filing the Complaint in the District of Guam.

First, MAJESTIC BLUE argues that it has not been sued in the Southern District of Florida because "a suit filed in an improper venue and in a court which lacks personal jurisdiction over the defendant, is not a suit 'commenced' within the meaning of Rule F(9)." Docket No. 9 at 9. Federal Rule of Civil Procedure 3 explicitly states that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3; *see also In re Tug Danielle M. Bouchard Corp.*, Civil No. 98-0485, 1998 WL 164849, at *2 (E.D. La. Apr. 7, 1998) (Citing to Rule 3 and finding that "[t]he day the limitation plaintiffs filed their complaint in the Eastern District of Louisiana, a suit had already been commenced against the owners in the Western District."). Thus, MAJESTIC BLUE was sued in the Southern District of Florida when HILL filed her complaint, and pursuant to Supplemental Rule F(9), MAJESTIC BLUE should have filed the Complaint in that court.

Second, MAJESTIC BLUE argues that even if the District of Guam is not the proper venue, it filed the Complaint in Guam to toll the statute of limitations and to preserve its argument that the Florida court does not have personal jurisdiction over it. *See* Docket No. 9 at 22. The court believes that MAJESTIC BLUE was acting in good faith, however, that does not cure the defect of venue—the District of Guam is not the proper venue for the Complaint.

As stated above, "if venue is wrongly laid the court shall dismiss or, if it be in the interest of justice, transfer the action to any district in which it could have been brought." FED. R. CIV. P.SUPP. F(9).[4] The court finds that it is in the interest of justice to transfer the matter to the Southern

---

[4] MAJESTIC BLUE requests that the court stay the proceedings in this case until the Southern District of Florida decides the Pending Motions on the ground that it is in the interest of judicial economy. Docket No. 9 at 17. However, Supplemental Rule F is unambiguous regarding the court's options when venue is improperly laid—dismiss or transfer the case; staying the matter

- 3 -

District of Florida. The court further notes that neither party objects to a transfer. *See* Docket Nos. 9 at 21, 11 at 5.

**III. CONCLUSION**

For the foregoing reasons, the court hereby **TRANSFERS** this case to the United States District Court for the Southern District of Florida pursuant to Supplemental Rule F of the Federal Rules of Civil Procedure.

**SO ORDERED.**

                                  **/s/ Frances M. Tydingco-Gatewood**
                                            **Chief Judge**
                                      **Dated: May 06, 2011**

---

is not an enumerated option. *See* FED. R. CIV. P. SUPP. F(9); *see also* 28 U.S.C. § 1407 (providing that if venue is improperly laid, the district court shall dismiss or transfer the case). Moreover, transferring this case to the Southern District of Florida is a fairly simple process that imposes a minimal burden on the resources of the courts; thus the argument that staying the matter is in the interest of judicial economy is without merit.

MAJESTIC BLUE also requests that the court conduct its own analysis to determine whether Florida has personal jurisdiction over it. Docket No. 9 at 7. The court declines to delve into the merits of an issue that is within the purview of its sister court.